339 So.2d 731 (1976)
Tommie Joe SEATON
v.
Conrad E. KELLY et al.
No. 57773.
Supreme Court of Louisiana.
November 8, 1976.
Rehearing Denied December 10, 1976.
*732 DeWitt T. Methvin, Jr., Gist, Methvin & Trimble, Alexandria, for defendant-applicants.
Cora R. Schley, James S. Gravel, Alexandria, for plaintiff-respondent.
DIXON, Justice.
On August 18, 1973 plaintiff, Seaton, was a guest passenger in a Ford Courier pickup truck owned and operated by Conrad E. Kelly when it collided with a left turning vehicle owned and occupied by Lod Hayes, Sr. and driven by Lod Hayes, Jr. The trial court concluded that the sole cause of the accident was the negligence of Lod Hayes, Jr., an uninsured motorist. The trial court found that the plaintiff sustained damages in the amount of $37,283.65 consisting of *733 $35,000 in general damages and loss of wages and $2,283.65 in medical expenses.
At the time of the accident State Farm Mutual Automobile Insurance Company had in force an automobile liability insurance policy issued to Conrad E. Kelly which described the Ford Courier truck involved in the accident. This policy provided uninsured motorist coverage of $5,000 per person ($10,000 per occurrence) which applied to any occupant of the insured vehicle. Pursuant to this coverage State Farm admitted liability for $5,000 under the uninsured motorist provisions and $2,283.65 under the medical expense coverage. In addition, Government Employees Insurance Company had issued plaintiff, Seaton, policies on two automobiles owned by him with uninsured motorist coverage of $5,000 per person on each. Pursuant to this coverage Government Employees was cast for the $5,000 per person limit under both policies and did not appeal.
State Farm also has a separate policy issued to Conrad E. Kelly on a 1968 Volkswagen automobile which provides uninsured motorist coverage of $5,000 per person. The trial court awarded plaintiff the $5,000 coverage on this policy as well. On appeal the Third Circuit Court of Appeal affirmed the award of this coverage. 327 So.2d 512 (1976). We granted writs to review the correctness of this decision.
State Farm contends that the plaintiff passenger can not recover under the uninsured motorist coverage applicable to the Volkswagen automobile because as to the policy covering the Volkswagen, plaintiff is not an "insured." The Volkswagen policy provides in pertinent part:
"PART IVPROTECTION AGAINST UNINSURED MOTORISTS
"insured' means:
(a) the named insured and any relative;
(b) any other person while occupying an insured automobile;
. . . . . .
"insured automobile' means:
(a) an automobile described in the policy for which a specific premium charge indicates that coverage is afforded. . ."
The Third Circuit did not treat the definition of "insured automobile" and accordingly held that since the Volkswagen was "an insured automobile," plaintiff was an "insured." (It is conceded that Seaton was not a "relative" within the terms of the policy). In addition, the court was of the opinion that State Farm's contention was contrary to the jurisprudence dealing with "stacking." See e.g. Graham v. American Casualty Co. of Reading, Pa., 261 La. 85, 259 So.2d 22 (1972); Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972); Barbin v. United States Fidelity and Guaranty Co., 315 So.2d 754 (La.1975); Wilkinson v. Fireman's Fund Insurance Co., 298 So.2d 915 (La.App.3d Cir. 1974).
The issue here is not whether plaintiff can "stack" the uninsured motorist coverages on the two policies issued to Kelly. The question of "stacking" only arises once it is determined that the person seeking to cumulate benefits on two or more uninsured motorist coverages is an insured under the terms of those policies. The mandatory uninsured motorist coverage of R.S. 22:1406(D)(1)(a) provides in part:
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; . . ." (Emphasis added).
Graham and Deane, supra, stand for the proposition that the uninsured motorist statute embodies public policy and, thus, any clause in derogation of the mandatory requirements set forth in the statute *734 is invalid insofar as it conflicts therewith. However, R.S. 22:1406 requires that insurance policies provide uninsured motorist coverage only for persons insured under the policy. The clear intent of Graham and Dearie is that if a plaintiff is an insured under two or more policies or one policy covering two or more automobiles, pays premiums or has premiums paid for his benefit for two or more different uninsured motorist coverages, he can cumulate the coverages.
The plaintiff respondent's and the Court of Appeal's reliance upon Barbin v. United States Fidelity and Guaranty Co., supra, and Wilkinson v. Fireman's Fund Insurance Co., supra, is misplaced. In Wilkinson the plaintiff was a guest passenger in a non-owned automobile and was injured by the negligence of an uninsured motorist. The court allowed the plaintiff to "stack" the uninsured motorist coverages in an insurance policy issued to plaintiff's father, and applicable to plaintiff, in which three automobiles were described. In addition, the plaintiff was, as an occupant, an insured under a single "Family" policy issued to the owner of the car in which plaintiff was a passenger. This policy also described two other automobiles. Since by the terms of this policy the plaintiff occupant was an insured under all three uninsured motorist coverages, the court properly held that the plaintiff could "stack" these coverages as well. In dicta the court noted that the same result would obtain even if there were six separate policies individually covering the six automobiles. This remark assumed that the plaintiff occupant would be an insured under those six policies.
In Barbin the defendant insurer had issued the plaintiff a family automobile liability policy which insured his two vehicles, a Ford and a Chevrolet. For each of the vehicles described the insurer had charged a premium for uninsured motorist coverage. While using the Ford, plaintiff, as driver, his wife, and two other couples, as passengers, were injured through the negligence of an uninsured motorist. Each of the three couples sued for damages resulting therefrom. Since the total damages sustained by the three couples exceeded, $20,000, the court cumulated the $10,000 per occurrence provisions in the two coverages. The insurer argued that the four passengers were not "insureds" within the uninsured motorist coverage for which a premium was charged in connection with the Chevrolet, because at the time of the accident they were occupying the Ford. The court stated:
"Under the express terms of the uninsured-motorist coverage (Part IV of the policy), the named insured and his wife (a `relative . . . resident of the same household') are specifically included within the definition of an `insured' for purposes of the coverage. Such definition also expressly includes "any other person while occupying an insured automobile.' An `insured automobile' is defined, for purposes of the coverage, as `an automobile described in the policy for which a specific premium charge indicates that coverage is afforded.'
Thus, each uninsured-motorist coverage (each issued for a separate premium) included not only tort-caused damages to the named insured (and relatives living in his household) resulting from operation of an uninsured motor vehicle, whether or not the named insured or his relative was injured while using the Ford and Chevrolet described in the policy. Each such coverage also included any passenger injured by an uninsured motorist while the passenger was occupying either the Ford or the Chevrolet described in the policy: Both vehicles were defined as `insured vehicles' for purposes of the coverage, since each vehicle was described in the policy and since, for each vehicle, a specific premium charge indicated that uninsured-motorist coverage was afforded.. . ."(Emphasis added).
315 So.2d 754, at 758.
Thus, these cases only hold that an occupant insured under two or more uninsured motorist coverages may cumulate the benefits when the occupant insured's damages exceed the mandatory minimum coverage. *735 Since by the clear terms of the policy in this case (see above), the plaintiff respondent was not occupying the automobile "described in the policy for which a specific premium charge indicates that coverage is afforded . . ." (the Volkswagen), he was not occupying the "insured automobile." As such he was not an "insured" under the Volkswagen policy and is, therefore, not entitled to the benefits contained therein.
Therefore, the judgments of the Court of Appeal and the district court are amended, reducing the amount awarded plaintiff against State Farm Mutual Automobile Insurance Company by the sum of $5,000, at plaintiff's cost.