376 So.2d 579 (1979)
Kazan Lorain SCHMIDT
v.
The Succession Representative of the Personal Representative of the ESTATE of Theo Waymon CHORON, Jr. and the Heirs at Law of Waymon Choron, Jr.
No. 10289.
Court of Appeal of Louisiana, Fourth Circuit.
October 10, 1979.
Rehearing Denied November 19, 1979.
*580 Christopher E. Lawler, Donovan & Lawler, Metairie, for plaintiff-appellant.
Ralph S. Johnson, New Orleans, for defendant-appellant.
Before SAMUEL, GULOTTA and GARRISON, JJ.
GULOTTA, Judge.
The trial judge dismissed, by summary judgment, plaintiff's suit directed against the Insurance Company of North America, the liability and uninsured motorist insurer of decedent.
According to the petition, plaintiff, a guest passenger on a motorcycle, was injured as a result of the negligence of the decedent owner and operator of the motorcycle. Defendant, INA, is the liability and uninsured motorist insurer of decedent covering two automobiles owned by the decedent; however, the motorcycle involved in this accident (also owned by decedent) was not covered in the INA policy.[1]
Plaintiff, appealing, claims that because the policy excludes uninsured motorist coverage to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, it is in violation of R.S. 22:1406(D)(1)(a) and in contravention of public policy. Plaintiff further contends that because defendant failed by affidavit, or other pleading or response, to show that plaintiff was not "an insured" as defined in the policy, defendant is not entitled to a summary judgment.
Considering plaintiff's arguments in the order presented we find no merit to the public policy argument as it relates to the uninsured motorist provision of the policy. R.S. 22:1406(D)(1)(a), in pertinent part, provides that no automobile liability insurance shall be delivered or issued in this state unless uninsured motorist protection is provided to those "persons insured" under the policy terms. Under the uninsured motorist coverage provisions of the policy in our case the insurer agrees to pay to the "insured" for bodily injury sustained by the insured where the accident involves an uninsured motor vehicle. "Insured" is defined in the policy as follows:
"(a) the Named Insured and any relative;
(b) any other person while occupying insured automobile;
(c) . . ."
An insured automobile is defined as:
"(a) an automobile described in the policy for which specific premium charge indicates that coverage is afforded;
(b) . . ."
Plaintiff points out that in Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir. 1972), writ denied, 262 La. 1096, 266 So.2d 223 (La.1972) and in Thomas v. Nelson, 295 So.2d 847 (La.App. 1st Cir. 1974) exclusionary clauses under the uninsured motorist provisions in automobile liability policies which excluded coverage to an insured as defined in the policy where the insured owned automobile was not listed or described in the policy were held to be in derogation of the uninsured motorist provision of the statute.[2] However, in the cited cases the injured plaintiffs who were seeking to *581 invoke the uninsured motorist provisions of the policy were relatives of the named insured and came within the definition of an "insured" under the policy terms.
Unlike the cited cases, our plaintiff alleges that she was a guest passenger and not a named insured. Nor does plaintiff allege that she is a relative of a named insured. Furthermore, according to the uncontradicted affidavit supporting defendant's motion for summary judgment, plaintiff was not occupying an "insured automobile". Under the circumstances, plaintiff does not allege nor show by countervailing affidavit that she comes within the definition of an "insured" as defined in the policy.
The Louisiana Supreme Court in Seaton v. Kelly, 339 So.2d 731 (La.1976), when considering uninsured motorist provisions similar to the language in our policy, concluded that the plaintiff was not entitled to uninsured motorist benefits. In Seaton, the Court stated that because the automobile in question was not described in the policy for which a specific premium was charged, the plaintiff (a guest passenger who was neither the named insured or a relative) and who was not occupying an insured automobile, was not an "insured" under the policy terms. The Court went on to say that the mandatory uninsured motorist coverage of R.S. 22:1406(D)(1)(a) extends to protection of persons "insured" under the policy terms.
Applying Seaton to the facts of our case, we conclude that because our plaintiff does not come within the definition of an insured she is not covered under the uninsured motorist provisions of the INA policy. Under these circumstances we also conclude the exclusionary clause is not in contravention of the statute and is not against public policy.
Having so concluded we find no merit to plaintiff's remaining contention that INA failed to show by pleading, affidavit or response, that plaintiff does not come within the definition of an "insured" under the policy terms. As pointed out hereinabove, an "insured" is defined in the policy as a named insured, or any relative, or any other person occupying an insured automobile. Furthermore, the uncontradicted affidavit attached to defendant's motion for summary judgment states that the vehicle involved in the accident in this case is not an "insured automobile" under the policy terms.
When we consider the uncontradicted affidavit, together with the allegations of the petition, as amended, it is clear that plaintiff has failed to allege facts which brings her within the definition of an "insured". Plaintiff filed no countervailing affidavit which might indicate that she is a relative of the insured. She specifically negates that she is a named insured and failed, by countervailing affidavit or otherwise, to contradict defendant's affidavit that the vehicle involved in the accident was an "insured automobile."
Under the circumstances we conclude defendant was entitled to a summary judgment. There simply exists no genuine issue of material fact and defendant is entitled to a judgment as a matter of law. LSA-C. C.P. 966, 967.
Accordingly, the judgment is affirmed.
AFFIRMED.
NOTES
[1] The motorcycle was insured by Progressive Casualty Insurance Co.
[2] We do not interpret the language of the Court in Chateau v. Smith, 297 So.2d 268 (La.App. 4th Cir. 1974) to support the conclusion that the exclusionary clause is against public policy.