428 So.2d 1110 (1983)
Randy Patrick MALBROUGH
v.
Mr. & Mrs. Gerald WHEAT, et al.
Randy Patrick MALBROUGH
v.
AMERICAN FIDELITY FIRE INSURANCE COMPANY, et al.
Nos. 82 CA 0443, 82 CA 0444.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*1111 Paul Marks, Jr., Owen, Richardson, Taylor, Mathews & Atkinson, Baton Rouge, for defendant & appellant Aetna Cas. & Sur.
John A. Lieux, Gonzales, for plaintiff & appellee.
Stephen E. Broyles, Aubrey L. Moore, Glusman, Moore, & Wilkinson, Baton Rouge, for defendant & appellee American Employers Ins.
Stephen N. Elliott, Bernard, Cassisa, Babst & Saporito, Metairie, Richard M. Goldman, Ignatz G. Kiefer, New Orleans, for defendant & appellee American Fidelity Fire Ins.
Before COVINGTON, LANIER and ALFORD, JJ.
LANIER, Judge.
This is a suit for damages in tort arising out of an accident between an automobile and a tractor. On February 19, 1977, at approximately 3:50 P.M., Randy P. Malbrough was operating a 1974 Ford 1000 farm tractor owned by his uncle, Ralph A. Malbrough, in a southerly direction on Louisiana *1112 Highway 44 in the vicinity of Gonzales in the Parish of Ascension, Louisiana. At the same time and place, David L. Ebeling was operating a 1969 Chevrolet pickup truck owned by Gerald R. Wheat in a southerly direction on Louisiana Highway 44 behind the Malbrough tractor. A collision occurred when the front of the Wheat vehicle struck the rear of the Malbrough tractor.
Gerald R. Wheat did not have insurance coverage specifically listing the 1969 Chevrolet truck. Wheat's wife, Mary F. Wheat, owned an automobile which was insured by the American Employers Insurance Company (Employers). Randy Malbrough carried uninsured motorists coverage with American Fidelity Fire Insurance Company (Fidelity). Ralph Malbrough carried uninsured motorists coverage with the Aetna Casualty and Surety Company (Aetna).
Randy Malbrough initially filed suit against Ebeling, Mr. and Mrs. Wheat and Employers. Employers responded to this suit with a motion for summary judgment asserting lack of coverage. The trial court granted the summary judgment. No appeal was taken from the summary judgment and that judgment is now final. The record indicates that no answer or appearance was made in this suit by Ebeling or the Wheats, and no preliminary judgment by default was entered against them.
Randy Malbrough instituted a second suit against Fidelity, Aetna and Ralph Malbrough. Ralph Malbrough responded to this suit by filing an exception of no cause of action. The record does not reflect a disposition of this exception. Aetna responded by filing an answer. Fidelity answered and filed a third party demand against Ebeling and Employers. Employers filed a motion for summary judgment seeking dismissal of Fidelity's third party demand which was granted by the trial court. Fidelity appealed the granting of Employers' summary judgment and we reversed. Malbrough v. American Fidelity Fire Insurance Company, 374 So.2d 146 (La.App. 1st Cir.1979). Employers then filed an answer to Fidelity's third party demand. The record indicates that no answer or appearance was made by Ebeling to the Fidelity third party demand, and no preliminary default was entered on the third party demand by Fidelity. The two cases were consolidated and went to trial in this procedural posture.
The trial court rendered judgment in favor of Randy Malbrough and against Ebeling and Aetna, in solido, for $7,882.50. The trial court also rendered judgment in favor of Aetna and against Employers "as contribution, to the extent of its liability coverage." The trial court dismissed all claims against Fidelity. Employers filed a motion for a new trial asserting that Aetna was not entitled to a judgment for contribution against it because Aetna did not file a third party demand against Employers for contribution. The trial court granted the application for new trial and dismissed all claims against Employers. Aetna took this suspensive appeal asserting that the trial court committed error by determining that it had coverage, by finding that Randy Malbrough was not contributorily negligent, and by rendering a damage award which was excessive. Randy Malbrough did not appeal or answer the appeal.

I. THE JUDGMENT AGAINST EBELING
Issue is not joined between a plaintiff and a defendant until the defendant files an answer to the plaintiff's petition, or until the plaintiff obtains a valid preliminary default against the defendant. No valid judgment may be rendered against a party with whom issue has not been joined by way of answer, default or waiver. Kennedy v. Coon, 401 So.2d 512 (La.App. 2nd Cir.1981); Ashy v. Cosmopolitan Credit & Investment Corporation, 365 So.2d 1171 (La. App. 3rd Cir.1978); Morgan v. Toups-Cook Truck Sales, Inc., 178 So.2d 786 (La.App. 1st Cir.1965). The record in the instant case indicates that issue was never joined between Randy Malbrough and Ebeling because Ebeling did not answer or make an appearance and no preliminary default was taken against him. These facts are error patent on the face of this record. Therefore, the judgment of the trial court against *1113 Ebeling is clearly wrong and is set aside. Hebert v. United States Fidelity & Guaranty Company (La.App. 1st Cir.1982), (decided November 16,1982, under Docket No. 82 CA 0086).

II. COVERAGE OF AETNA
The Louisiana Uninsured Motorist statute, La.R.S. 22:1406, in effect at the time of the accident in this case, required that insurance policies provide uninsured motorist coverage for a person who qualified as an "insured" under the policy.[1] However, a person who does not qualify as an "insured" under a policy of insurance is not entitled to uninsured motorist coverage. Seaton v. Kelly, 339 So.2d 731 (La.1976); Schmidt v. Estate of Choron, 376 So.2d 579 (La.App. 4th Cir.1979).
In the instant case, the Aetna policy defines an "insured" for purposes of uninsured motorists coverage, in pertinent part, as follows:
"(a) the named Insured and any relative,
(b) any other person while occupying an insured automobile,
..."
Randy Malbrough is not a "named insured" under the policy. The named insureds are Ralph A. Malbrough and Laverne Malbrough.
Randy Malbrough is not a "relative" under the policy. The policy defines a relative as "a person related to the named Insured by blood, marriage or adoption who is a resident of the same household, provided neither such relative nor his spouse owns a private passenger automobile; ..." Randy Malbrough testified that he never lived with his uncle, Ralph Malbrough. This was corroborated by Ralph Malbrough. The Fidelity policy issued to Randy Malbrough shows that he was the owner of a 1976 Chevrolet Monte Carlo and a 1970 Chevrolet Impala.
Randy Malbrough was not a "person ... occupying an insured automobile." The evidence shows that Randy Malbrough was operating the tractor owned by Ralph Malbrough with Ralph Malbrough's consent and permission. An "automobile" is defined in the Aetna policy as "a four wheel land motor vehicle designed for use principally upon public roads; ..." The testimony of Ralph Malbrough shows that the vehicle was a farm tractor designed primarily for use off of public highways. The Aetna policy defines an "insured automobile" for purposes of the uninsured motorists coverage as "an owned automobile while being used by or with the permission of the named Insured, ..." The Aetna policy further defines an "owned automobile", in pertinent part, as "a private passenger or utility automobile or home trailer described in this policy for which a specific premium charge indicates that coverage is afforded,..." The Aetna policy shows that premiums were charged for only two owned automobiles, a 1970 GMC and a 1970 Buick. The tractor is not listed in the policy as an owned vehicle. The testimony of Ralph Malbrough shows that he did not intend to put the tractor on his Aetna policy. The tractor being used by Randy Malbrough does not fall within the policy definition of an "insured automobile".
Randy Malbrough is not an "insured" as defined in the Aetna policy. Since he is not an "insured", he is not entitled to uninsured motorists coverage under the facts and circumstances of this case. Seaton v. Kelly, supra; Schmidt v. Estate of Choron, supra. The judgment in favor of Randy Malbrough against Aetna is reversed.

III. CONCLUSION
For the foregoing reasons, the judgment in the trial court against Ebeling and Aetna is clearly wrong and is reversed. The appellee, *1114 Randy Malbrough, is cast for all costs.
REVERSED.
NOTES
[1] Thus, a policy provision which purported to exclude uninsured motorist coverage where the automobile involved in the accident was not listed or described in the policy was unenforceable because it was in derogation of the statute which required coverage where the person involved qualified as an "insured" under the policy. See, for example, Hebert v. Breaux, 398 So.2d 1299 (La.App. 3rd Cir.1981), writ denied 401 So.2d 986 (La.1981); Griffin v. Armond, 358 So.2d 647 (La.App. 1st Cir.1978).