468 So.2d 1305 (1985)
Hyacinthe C. PIERRON & Danny Seymour
v.
Kurt LIRETTE, Clyde Lirette, State Farm Mutual Automobile Insurance Company and Farm Bureau Insurance Company.
No. 84 CA 0248.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
*1306 Joseph B. Dupont, Plaquemine, for plaintiffs and appellants, Hyacinthe C. Pierron & Danny Seymour.
Robert B. Butler, III, Houma, for appellees and defendants, Kurt & Clyde Lirette and State Farm Mut. Auto. Ins. Co.
Sidney Patin, Houma, for Great American Surplus Lines.
Charles Gary Blaize, Houma, for Kurt Lirette in the Criminal Proceedings.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
This is an appeal from the trial court's determination that there was no uninsured motorist coverage available to plaintiffs and the award of damages.

FACTS
On May 19, 1982, Roy J. Pierron was killed in an automobile accident which occurred when the GMC-Suburban he was driving, which was owned by H & R Towing, Inc., was forced off the road by a vehicle operated by Kurt Lirette and owned by his father, Clyde Lirette. Pierron's death was the result of the sole negligence *1307 of Kurt Lirette, who was driving while intoxicated at the time of the accident.
Roy Pierron was survived by his widow, Hyacinthe C. Pierron, an adopted major son, Danny Seymour, and four major children born of a prior marriage.
The vehicle operated by Kurt Lirette was insured under a policy of liability insurance issued by State Farm Mutual Automobile Insurance Company to Clyde Lirette. This policy had bodily injury limits of $100,000.00 per person. Kurt Lirette resided in his father's home and had his father's permission to use the vehicle involved in this accident. Additionally, Kurt Lirette had a policy of insurance issued by Great American Surplus Lines Insurance Company with limits of $5,000.00. There was no uninsured motorist insurance on the GMC-Suburban operated by Mr. Pierron and owned by his family corporation, H & R Towing, Inc.[1] However, there was a policy of liability insurance with uninsured motorist protection in the sum of $25,000.00 issued to Hy Fashions, Inc. by State Farm Mutual Automobile Insurance Company.[2]
Prior to trial on the merits, State Farm, as Lirette's liability insurer, entered into settlements with each of decedent's four major children born of his prior marriage for the sum of $10,000.00 each. After these settlements, there was remaining a sum of $60,000.00 coverage under the policy issued by State Farm to Clyde Lirette and available to the claims of Mrs. Pierron and the adopted major child, Danny Seymour. Additionally, there remained the sum of $5,000.00 available under the policy of Great American Surplus Lines Insurance Company.
The trial judge found that State Farm's settlement with the decedent's four major children was reasonable. He also concluded that the policy issued to Hy Fashions, Inc. did not provide uninsured motorist coverage for Roy Pierron who was driving a GMC-Suburban vehicle owned by H & R Towing, Inc. at the time of the accident. In so concluding, the trial judge found that the remaining insurance available under the State Farm policy issued to Clyde Lirette was $60,000.00 and that the remaining available insurance under the Great American Surplus Lines Insurance Company was $5,000.00, for a total of $65,000.00. The trial judge further found that, considering the inability of Kurt Lirette to pay, Mrs. Pierron was entitled to a total award of $65,000.00 and Danny Seymour was entitled to an award of $10,000.00, thus casting Kurt Lirette for a $10,000.00 excess judgment. From this judgment, plaintiffs, Hyacinthe C. Pierron and Danny Seymour, appeal urging two assignments of error.

ASSIGNMENT OF ERROR NO. 1
In this assignment of error, plaintiffs contend that Roy J. Pierron, as vice-president and executive officer of Hy Fashions, Inc., was covered under the uninsured motorist provision of the policy of insurance in the amount of $25,000.00 issued by State Farm to Hy Fashions, Inc.
The Louisiana Uninsured Motorist Statute LSA-R.S. 22:1406, in effect at the time of the accident, required that insurance policies provide uninsured motorist coverage for a person who qualifies as an "insured" under the policy. However, a person who does not qualify as an "insured" under the policy of insurance is not entitled to uninsured motorist coverage. Seaton v. Kelly, 339 So.2d 731 (La.1976); Malbrough v. Wheat, 428 So.2d 1110 (La.App. 1st Cir. 1983); Schmidt v. Estate of Choron, 376 So.2d 579 (La.App. 4th Cir.1979).
In the instant case, the uninsured motorist insurance portion of the State Farm policy defines insured as:
(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either;
(b) any other person while occupying an insured highway vehicle; and

*1308 (c) any person, with respect to damages he is entitled to recover because of bodily injury to which this insurance applies sustained by an insured under (a) or (b) above.
Designated insured is defined as "an individual named in the declarations under Designated Insured." The uninsured motorist portion of the policy also indicates that the definitions of insured and named insured applicable to Part 1 (basic automobile liability insurance) also applies to the uninsured motorist insurance. Part 1 of the policy defines insured as:
(a) the named insured;
(b) any partner or executive officer thereof, but with respect to a temporary substitute automobile only while such automobile is being used in the business of the named insured; ...
The decedent, Roy J. Pierron, was not a named insured under the State Farm policy since the named insured is Hy Fashions, Inc. Nor was Pierron a designated insured under the policy because there is no individual named in the declaration of the policy under designated insured. Furthermore, since the named insured is a corporation, Pierron cannot reside with or be a relative of the named insured.
Furthermore, Pierron was not occupying an insured highway vehicle. The vehicle insured by State Farm was a 1979 Lincoln owned by Hy Fashions, Inc. At the time of the accident, Pierron was driving an automobile owned by H & R Towing, Inc., which was not a temporary substitute vehicle. See Seaton v. Kelly, supra; Malbrough v. Wheat, supra; Schmidt v. Estate of Choron, supra.
Clearly, Pierron does not qualify as an insured under the State Farm policy.
Plaintiffs strenuously contend that if no uninsured motorist coverage is provided under the Hy Fashions, Inc. policy to Mr. Pierron, the company has been paying premiums for no coverage. Plaintiffs, however, are mistaken in this contention. The policy clearly provides uninsured motorist coverage for anyone occupying the insured highway vehicle, and, if Pierron had been occupying the insured vehicle, the uninsured motorist provisions of the policy would have applied. Everytime the insured automobile (the 1979 Lincoln) was used, whoever was occupying it was receiving the benefits of the uninsured motorist coverage. Even though Hy Fashions, Inc. is a family corporation with Mr. Pierron as vice-president and his wife as president,[3] it is unfortunate that they were neither the named nor designated insureds. Clearly, if the policy had been in either Mr. or Mrs. Pierron's name, or if Mr. Pierron had been a designated insured, uninsured motorist coverage would have been applicable. Unfortunately, in the instant case, Mr. Pierron was not in the vehicle owned by Hy Fashions, Inc. and insured by State Farm, and the vehicle that he was occupying was owned by another family corporation, which did not have uninsured motorist protection.[4]
The trial court correctly determined that the State Farm policy issued to Hy Fashions, Inc. did not provide uninsured motorist coverage to Pierron.

ASSIGNMENT OF ERROR NO. 2
In this assignment of error, plaintiffs contend that the trial court committed error in the amount of damages awarded the surviving widow, Hyacinthe C. Pierron.
The policy limits of the State Farm policy issued to Clyde Lirette were $100,000.00, and $40,000.00 of these limits were exhausted by settlements with four major children of the deceased by a prior marriage. The trial judge concluded that the settlements which State Farm made with these four major children were reasonable. We agree. Accordingly, this left for the satisfaction of the claim of the widow and the major adopted son the sum of $60,000.00 under the State Farm policy and *1309 $5,000.00 under the Great American Surplus Lines policy. Since the total award of the trial judge was $75,000.00, $65,000.00 went to the widow and $10,000.00 to the adopted major son, resulting in an excess judgment against Kurt Lirette for $10,000.00.
At the time of his death, Roy J. Pierron was earning approximately $86,503.00 per year. Dr. Jan Warren Duggar, expert in the field of economics, testified that since Roy J. Pierron was 66.3 years old at the time of his death, he had an average work life expectancy of an additional 3.1 years. He computed the present value of past earnings lost and future earnings lost, after deducting pertinent personal maintenance expenses, at $221,330.00. Dr. Duggar estimated this sum to be the past and future loss of contribution to the family unit. Dr. Duggar further testified that in the event lost wages were computed during Mr. Pierron's life expectancy, then the figure would amount to $321,866.00 as the value of lost wages during his life expectancy. It was further uncontradicted that funeral expenses of $3,368.58 were incurred.
The defendant, Kurt J. Lirette, on the other hand, was unemployed at the time of the accident and on the date of trial. He testified that he spent most of his time playing pool and drinking beer. The record indicates that he had just been released from a detoxification center for alcohol and drug abuse. He had previously been injured in another vehicular accident and had been drawing social security in the amount of $779.00 per month.[5] It is not clear from the record whether Lirette is actually disabled; however, he was definitely unemployed and had been unemployed for an extended period of time. His only assets were two vehicles, and he was otherwise indigent.
In the absence of insurance coverage or where insurance coverage is far below the actual damages sustained, awards for damages in excess of the insurance coverage must be predicated to some degree upon the ability of the defendant cast to pay. Hurston v. Dufour, 292 So.2d 733 (La.App. 1st Cir.1974), writ denied, 295 So.2d 178 (La.1974).
In reviewing quantum awards, an appellate court should disturb an award made by the trial court only when the record indicates that the trier of fact abused his discretion in making the award. Upon finding an abuse of discretion, the award can be raised (lowered) to the lowest (highest) point which is reasonably within the discretion of the trial court. Emerson v. Empire Fire & Marine Ins. Co., 393 So.2d 691 (La.1981); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Plaintiff Hyacinthe C. Pierron clearly sustained general damages of $100,000.00 and lost past and future support in the minimum amount of 1,330.00, together with funeral expenses in the amount of $3,368.58. The ability of the defendant, Kurt Lirette, to pay, however, is somewhat uncertain. Therefore, we find that the trial judge abused his discretion in awarding only the sum of $65,000.00 for Ms. Pierron. We find that in light of all of these factors, the minimum amount which should have been awarded plaintiff Hyacinthe C. Pierron is $125,000.00.
After reviewing the record, we conclude that there was no abuse of discretion by the trial court in awarding Danny Seymour, the adopted son, the sum of $10,000.00. Therefore, we affirm the amount of the judgment as to this plaintiff.
For the above and foregoing reasons, the judgment is amended and rendered in favor of Hyacinthe C. Pierron and against Kurt Lirette to increase the total amount of the award to $125,000.00. In all other respects, the judgment is affirmed. Costs are to be paid by defendant Kurt Lirette.
AMENDED AND AFFIRMED.
NOTES
[1] The record reflects that Roy J. Pierron, as an officer of H & R Towing, Inc., had signed a waiver of uninsured motorist coverage on the GMC-Suburban.
[2] Hy Fashions, Inc. is another family corporation owned by the Pierrons and of which Mr. Pierron was an executive officer.
[3] Mrs. Pierron testified that Mr. Pierron was Secretary-Treasurer of Hy Fashions, Inc. In any event, he was an executive officer of this corporation.
[4] See Footnote 1 supra.
[5] It is unclear as to whether Kurt Lirette's disability social security benefits had been terminated, but according to the testimony of Clyde Lirette, his father, they had been terminated.