LANIER, Judge,
concurring.
The trial herein was held on January 31, 1985. The record does not reflect that prior to this time a preliminary judgment by default had been entered. La. C.C.P. art. 1701. The answer was not filed until February 1, 1985. Court appointed counsel may waive citation and service, but cannot waive any defense. La.C.C.P. art. 5093. When the questioned judgment herein was rendered on January 31, 1985, issue had not been joined because no answer was filed or preliminary default ■ entered. No valid judgment may be rendered against a party with whom issue has not been joined by way of answer, default or waiver. Malbrough v. Wheat, 428 So.2d 1110 (La.App. 1st Cir.1983). The judgment herein must be set aside.
It is unnecessary to decide this case on the constitutional issue of due process. A court should not consider a constitutional question where it is not necessary to a resolution of the dispute. Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Commission, 403 So.2d 13 (La.1981); Callais Cablevision, Inc. v. Houma Cablevision, Inc., 451 So.2d 6 (La.App. 1st Cir.1984), writ denied, 452 So.2d 1175 (La.1984).