672 So.2d 1104 (1996)
Samuel Joseph MARCELLO
v.
Louis E. MOREAU, et al.
James E. MAYEAUX
v.
Sam J. MARCELLO, et al.
Nos. 95-CA-2475, 95-CA-2476.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1996.
Vincent J. Glorioso, Jr., Richard B. Ramirez, New Orleans, for Appellant.
Leon A. Aucoin, Law Offices of Leon A. Aucoin, Metairie, for Appellee.
Before SCHOTT, C.J., and LOBRANO and ARMSTRONG, JJ.
*1105 SCHOTT, Chief Judge.
Plaintiff, Samuel Marcello (Samuel), has appealed from a judgment dismissing his claim against Pelican State Mutual Insurance Company under the uninsured motorist (UM) provisions of a policy issued to Elmwood Plantation, Inc (Elmwood). The issue is whether Samuel can be insured as a "family member" under the policy on the theory that the policy is ambiguous. We affirm.
Samuel resided with his father, Joseph Marcello, Jr. (Joseph), Samuel was injured while he was allegedly a passenger in a Buick automobile which he owned and which was not insured. Pelican issued an automobile insurance policy to Elmwood covering a Cadillac automobile used by Joseph. LSA-R.S. 22:1406 provides that liability insurance policies provide UM coverage only for persons insured under the policy. Seaton v. Kelly, 339 So.2d 731, 734 (La.1976). Consequently, the question is whether Samuel is insured under the policy issued by Pelican to Elmwood.
The Pelican policy contains an endorsement entitled, "Louisiana Uninsured Motorists CoverageBodily Injury." This endorsement also has the caption "Commercial Auto" and specifically applies to "Business Auto Coverage Form," "Garage Coverage Form" and Truckers Coverage Form." Under paragraph B as to "Who is an Insured" is the following:
1. You.
2. If you are an individual, any "family member."
The Business Auto Coverage Form provides that the word "you" refers to the named insured. It seems clear that "you" in this UM endorsement refers to Elmwood and not to an individual so that the "family member" reference is inapplicable.
In this court Samuel contends the policy is ambiguous because of use of the "family member" reference in a policy supposedly issued to a corporation and because the application for liability and UM coverage was signed by Joseph individually and the intended use of the Cadillac was pleasure.
As to the first argument, when the answers to the question of who is an insured are read together it is crystal clear that the family member reference would apply only if the named insured were an individual. While this language may be unnecessary and superfluous it is obviously irrelevant since the named insured is a corporation. This precisely is what the court held in Barnes v. Thames, 578 So.2d 1155, 1163 (La.App. 1 Cir.1991), writ denied 577 So.2d 1009.
In support of his next argument Samuel refers to the application information section and the acceptance/rejection form for UM coverage. The application form provides that the applicant is Elmwood Plantation, Inc. In a box indicating "Sections Attached" is the designation "Business Auto." In another box the applicant is specifically designated as a corporation rather than an individual, partnership or joint venture. In a "Driver Information" box only Joseph Marcello, Jr. is listed. In a general information box an "X" was placed in a "Yes" box to indicate that the vehicle was solely owned by and registered to the applicant, Elmwood. In a box labeled "applicant's Signature" is the signature of Joseph Marcello, Jr. Considering that the application unequivocally identifies the applicant as Elmwood, we do not find that the mere omission of some corporate title after Joseph's signature made the identity of the applicant ambiguous.
The UM acceptance/rejection form contains the following:
Elmwood Plantation, Inc. 1PAOO1124 s/s Joseph Marcello, Jr.
 Name of Insured Policy Number Your Signature
 8-11-88
 _____________________________________________
 Date Signature of Officer of Corporation
*1106 Obviously, Joseph signed on the wrong line and again failed to indicate a title, but that hardly renders as ambiguous the unequivocal designation of Elmwood as the named insured.
Next Samuel argues ambiguity because of an entry on the fourth page of the applicant information section in a box entitled "Vehicle Description" the word "pleasure" is written into a small box entitled "Use"; and because on the Declaration page of the policy in a box entitled "Business Use" the words "plea" are written. The application clearly identifies the applicant as Elmwood and the Declarations clearly designate the named insured as Elmwood. The isolated insertions of "pleasure" as the vehicle's use do not render ambiguous the identity of Elmwood as the sole insured under the policy.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.