800 So.2d 78 (2001)
Johnnie KOVAC and Annette Kovac, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 35,133-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
Loomis & Dement, Albert E. Loomis, III, Monroe, Jeffrey L. Dement, West Monroe, Counsel for Appellant.
Hudson, Potts & Bernstein by Brady D. King, II, Monroe, Counsel for Shelter Insurance Co.
Rankin, Yeldell, Herring & Katz by E. Ross Downs, Jr., Bastrop, Counsel for State of Louisiana, Dept. of Transportation & Development.
Before WILLIAMS, PEATROSS and DREW, JJ.
DREW, Judge.
Johnny and Annette Kovac appeal a judgment dismissing their claims against Shelter Mutual Insurance Company with the exception of their claims for interest and costs.
We affirm.

FACTS
Johnnie Kovac alleges that he was injured on March 20, 1994 when the 1984 Chevrolet Suburban which he was driving rolled over after he attempted to avoid a collision with a vehicle driven by James Farrar, who drove into the path of Mr. Kovac's oncoming vehicle after stopping at a stop sign. Mr. Kovac and his wife Annette filed suit against Farrar, Farrar's liability insurer State Farm, Shelter and the State of Louisiana.
Shelter provided liability and UM coverage on the Suburban, which was owned by Bonne Idee Hideaway, Inc., the named *79 insured. Mrs. Kovac owned Bonne Idee Hideaway, Inc. This policy had limits of $25,000/$50,000. Shelter tendered its limits of $25,000 under this policy. The Kovacs settled with State Farm and Farrar up to the policy limits of $50,000/$100,000.
Under three additional auto insurance policies, Shelter provided coverage to different vehicles owned by three other closely-held corporations in which the Kovacs were involved, namely Ceres, Inc., Ceres II, Inc. and Seven Waters Hole Corporation. One such policy, Shelter policy # XX-X-XXXXXXX-X, was issued to Seven Water Holes as named insured. This policy insured a 1973 Chevrolet Grain Bed vehicle and provided UM coverage with limits of $300,000 per person and $300,000 per accident.
Shelter filed a motion for partial summary judgment arguing that it had discharged its obligations under the Bonne Idee policy and that it owed no additional obligations in this matter to the Kovacs under the Ceres, Ceres II or Seven Water Holes policies. The trial court granted the motion, concluding that the policies issued to Ceres, Ceres II and Seven Water Holes did not provide coverage to the Kovacs under the circumstances of this case. The Kovacs now appeal the judgment to the extent it denied UM coverage under the Shelter policy purchased by Seven Water Holes Corporation.

DISCUSSION
The only issue before this court is whether the Kovacs can recover damages under the UM section of an insurance policy covering a vehicle not involved in the accident and which names Mr. Kovac's farming corporation as the insured. Regarding the interpretation of insurance policies, our supreme court has stated:
An insurance policy is a contract between the parties and should be construed using general rules of interpretation of contracts set forth in the civil code. If the wording of the policy at issue is clear and expresses the intent of the parties, the agreement must be enforced as written. The parties' intent, as reflected by the words of the policy, determines the extent of coverage and such intent is to be determined in accordance with the general, ordinary, plain, and popular meaning of words used in the policy, unless the words have acquired a technical meaning. An insurance policy should not be interpreted in an unreasonable or strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve absurd conclusions. If ambiguity still remains after applying other general rules of construction, ambiguous provisions are to be construed against the insurer and in favor of the insured.
(Citations omitted.)

Valentine v. Bonneville Ins. Co., 96-1382 (La.3/17/97), 691 So.2d 665.
The Commercial Automobile Insurance Application for the policy at issue listed Seven Water Holes Corporation as the named insured. Mr. Kovac was the only driver named on the application. This policy provides in its Definitions section:
As used generally through this policy words shown in bold type have the meaning below, except where a different meaning is set out in a particular coverage or endorsement.
* * * * *
(18) You, your and yours mean the insured named in the Declarations and spouse.
(19) Insured means the person, persons or organization defined as insureds in or *80 with reference to the specific coverage or endorsement.
The policy further states in the section governing claims for bodily injury caused by an uninsured motorist:
Additional Definitions
As used in this Part,
(1) Insured means:
(a) You and any relative;
(b) Any other person while occupying an insured auto;
(c) Any person with respect to damages he or she is entitled to recover because of bodily injury to which this Coverage applies sustained by an insured as defined in (a) and (b) above.
(2) Insured auto means:
(a) the described auto;
(b) a non-owned auto while being operated by you.
* * * * *
The policy language is clear. Mr. Kovac was not an insured under the policy because he was not the named insured (Seven Water Holes) and he was not occupying the insured vehicle (Chevrolet grain bed) at the time of the accident. The vehicle that he was occupying, a Suburban, was insured by the policy issued to Bonne Idee Hideaway.
It is of no consequence that Mr. Kovac owned the named insured, Seven Water Holes. It has been widely held that an employee or officer of a corporation is not also a named insured when the corporation is the sole named insured under the insurance policy. See Adams v. Thomason, 32,728 (La.App. 2d Cir.3/1/00), 753 So.2d 416; Bryant v. Protective Cas. Ins. Co., 554 So.2d 177 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1129 (La.1990). See also Valentine, supra, where the court noted in footnote 3 that "Louisiana courts have almost uniformly held that when the named insured is ... a corporation, coverage is restricted to the named insured and does not extend to ... employees of the corporation." Id. at 669.
The Kovacs counter that Mr. Kovac should nonetheless be considered an insured because he and Seven Water Holes were essentially one and the same. They point to his 100% ownership of the corporation, which was solely involved in farming, as well as his answers when the application asked his occupation and whether he was a farmer. Mr. Kovac was Seven Water Holes' only officer, and it was the only corporation in which he had an interest. Mr. Kovac was the only driver of the insured vehicle listed on the policy. The Kovacs note that the address listed for Seven Water Holes on the insurance policy is also Mr. Kovac's home address. Prior to the accident, farming was Mr. Kovac's sole source of income and all his farming was conducted under the name of Seven Water Holes Corporation. Also prior to the accident, Mr. Kovac and his 10 year-old son were the only individuals involved in his farming operation.
A similar issue was discussed by the First Circuit in Pierron v. Lirette, 468 So.2d 1305 (La.App. 1st Cir.1985). Pierron's husband was killed while driving a Suburban owned by H & R Towing, a family corporation that did not have UM coverage. Pierron argued that she should be able to recover UM benefits under a policy issued by State Farm covering a Lincoln owned by Hy Fashions, Inc., the named insured under the State Farm policy. Hy Fashions, Inc. was another corporation owned by the Pierrons. Pierron is the president of Hy Fashions, Inc.; her late husband was the vice-president. The court noted that neither Pierron nor her husband were named or designated insureds under the State Farm policy. Therefore, despite the close relationship between the Pierrons and Hy Fashions, *81 Inc., Mrs. Pierron's claim against State Farm was denied.
We agree with the result reached by the court in Pierron, supra. The Kovacs' argument ignores the legal status of the Seven Water Holes Corporation. A corporation is a juridical person; the personality of a juridical person is distinct from that of its members. La. C.C. art. 24. As such, Seven Water Holes is a legal entity distinct from Mr. Kovac. Regardless of the extent of his interest or involvement in the corporation, this distinction is not defeated. It is equally irrelevant that Mr. Kovac had no employees and that Seven Water Holes was the only corporation in which he had an interest as neither fact lessens its status as a separate legal entity. Also unavailing to Mr. Kovac is the argument that the corporation and Mr. Kovac shared the same physical address. We note that this same address was used on the declarations page for the policy purchased by Ceres, Inc., and on both the application and the declarations page for the policy purchased by Ceres II, Inc. In addition, this was the same address provided for Bonne Idee Hideaway, Inc. and Hideaway Hunting Club, Inc. (both owned 100% by Annette Kovac) in response to Shelter's second set of interrogatories.
Mr. Kovac or any other person would only receive UM coverage under the Seven Waters Hole policy if they were occupants of the insured vehicle. This is the coverage clearly contemplated by the insurance policy. The trial court properly granted Shelter's motion for partial summary judgment.

DECREE
At appellants' cost, the judgment is AFFIRMED.