ALFORD, Judge.
This is an appeal from a judgment of the Twenty-Second Judicial District Court, Parish of St. Tammany, granting a motion for summary judgment in favor of defendant-appellee, Western Casualty and Surety Company. Plaintiffs-appellants, Rena Hogan, widow of decedent Kenneth Leslie Hogan, and decedent’s daughters, Pamela Hogan Phea, Laurie Hogan Carter and Lois Lynne Hogan filed suit for damages resulting from the accident which lead to decedent’s death. In their amended petition, appellants named Western as a defendant alleging that decedent was covered under the uninsured motorist provisions of a policy issued by appellee.
Mr. Hogan died as the result of injuries he sustained when he was struck by an automobile in Slidell, Louisiana, while waiting for his truck to be unloaded. The policy in question was issued to Midwestern Distribution Inc., a truckline company for whom decedent was either a contract driver or an employee. The trial court determined that policy # 620-16-44 issued by Western to Midwestern Distribution covered only a specific fleet of vehicles which did not include decedent’s vehicle. Additionally, the court found that the decedent was not a named insured or a designated insured under the policy, and thus, Western was entitled to summary judgment as a matter of law. We agree.
LSA C.C.P. art. 966 provides in pertinent part, “The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” However, any doubt must be resolved against granting summary judgment and in favor of trial on the merits to resolve any disputed facts. Blount v. Exxon Corp., 395 So.2d 355 (La.App. 1st Cir.1981).
Appellants maintain that there are genuine issues as to three material facts left unresolved by appellee’s offerings in support of its motion for summary judgment. First, it is appellants’ position that the affidavit of Western’s assistant manager in support of the motion does not affirmatively state that the company did not issue any other policies to Midwestern insuring their trucks. The affidavit referred to is that of Mr. Gary L. Rylander, who attests to the fact that he is the Assistant Manager-Automobile for Western and that the attached policy, UC 620-16-44, is a certified copy of the policy that was in effect on the date of the accident. We are of the opinion that as written, the affidavit does state that Western only had the one policy in effect at the time in question. Additionally, we note that appellants were allowed an extension of time to pursue any additional policies Western may have issued to Midwestern. This additional discovery revealed one other policy which had clearly expired by the time of decedent’s accident.
Appellants next maintain that decedent was an employee of Midwestern, the named insured, and thus was himself a named insured for the purposes of uninsured mo *557 torist coverage under the policy. In support of this position, appellants cite Employer's Insurance Co. of Wausau v. Dryden, 422 So.2d 1243 (La.App. 1st Cir.1982). Appellee has on the other hand continually maintained that decedent was not an employee of Midwestern, but rather, was a contract driver. There is obviously a factual dispute as to decedent’s employment status, however, it is not material to a resolution of this case. Appellants’ argument fails to consider the fact that the policy in question only covered a specific fleet of vehicles which did not include Mr. Hogan’s truck. The cover page of the policy clearly reads, “COVERAGE APPLIES IN ACCORDANCE WITH THE FLEET SCHEDULE ATTACHED TO THIS POLICY.” Therefore, regardless of decedent’s employment status, the fact that he was not using an insured vehicle precludes coverage under this policy.
Finally, appellants maintain that there is a genuine issue as to whether a truckman endorsement incorporated into the policy which provides bodily injury coverage to a person who transports property for the named insured over a route the named insured is authorized to serve applies to decedent. Appellants’ reliance on this endorsement is without merit. The endorsement clearly provides that it applies, "... with respect to the automobile described below or designated in the policy...” At the bottom of the endorsement under the heading, “Description of Automobile” decedent’s vehicle is simply not described.
Therefore, for the foregoing reasons, the judgment of the trial court granting the summary judgment in favor of Western Casualty and Surety Insurance Company is affirmed. Costs of this appeal are to be borne by appellants.
AFFIRMED.