451 So.2d 192 (1984)
Emma P. MORRIS
v.
Paula C. MITCHELL, et al.
Virginia A. MORRIS
v.
Paula C. MITCHELL et al.
Nos. 83 CA 0774, 83 CA 0775.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
David Cheatham and Donald Fendlason, Bogalusa, for Emma Morris.
Wilson C. Krebs, Covington, for Virginia Morris.
James C. Cockfield, Covington, for Hartford Ins. Co.
E.B. Dittmer, II and John W. Anthony, Bogalusa, for Commercial Union Ins. Co.
James W. Armstrong, III, Covington, for Paula Mitchell, George Mitchell & Aetna Cas. Ins. Co.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
This is an appeal from a summary judgment in favor of Commercial Union Insurance Company against the plaintiffs and third party plaintiffs dismissing their actions against Commercial Union.
*193 Only the plaintiffs, Emma P. Morris and Virginia A. Morris, have appealed the judgment.
Emma P. Morris was a school bus driver employed by the Washington Parish School Board. On December 19, 1981, she was a passenger in a 1976 Mercury automobile which she owned and which was being driven by Virginia A. Morris, who resided with her mother, Emma Morris. The vehicle was hit head-on by a 1979 Toyota automobile owned by George M. Mitchell and operated by Paula C. Mitchell. Plaintiffs, Emma P. Morris and Virginia A. Morris, allege that they sustained certain personal injuries as a result of this accident.
Commercial Union Insurance Company had issued a business auto policy to the Washington Parish School Board, covering certain listed vehicles owned by employee-drivers, including the school bus owned by Mrs. Morris. The policy premium was paid to Commercial Union by the school board, and the employee-drivers were assessed a pro-rata share of the premium by the school board. The 1976 Mercury owned by Mrs. Morris was not listed as a covered vehicle under the policy. The Morris Mercury was uninsured. The Toyota of Mr. Mitchell was insured.
The issue on appeal is whether, under the circumstances of this case, Emma P. Morris and Virginia A. Morris are entitled to uninsured motorist protection under the Commercial Union policy.
The subject policy was issued to the Washington Parish School Board, the "named insured" under the policy. Emma Morris was a school bus driver in the employ of the Washington Parish School Board. She owned the bus she drove for the school board, and it was one of the vehicles listed under the policy. The school board paid the premium for the policy, and Mrs. Morris and other driver-employees were assessed a pro-rata share of the premium by the school board.
Under Paragraph D(2) of the U.M. endorsement to the policy, Emma Morris was afforded uninsured motorist protection only while occupying a covered vehicle. The plaintiffs contend that they should be covered under Paragraph D(1) which defines insured for purposes of U.M. coverage, as "you (NAMED INSURED) or any family member." Family member is defined as a "person related to you (NAMED INSURED) by blood, marriage, or adoption who is a resident of your household, including a ward or foster child."
Appellants' primary contention is that they are entitled to U.M. coverage despite the contrary provisions of the U.M. endorsement, because Mrs. Morris was a premium-paying insured. The record does not support this contention. The premium was paid by the school board. Emma Morris is not the "named insured"; rather the Washington Parish School Board is so named in the policy. Emma Morris, under the circumstances of this accident, also cannot be considered an omnibus insured, because she was not operating a covered vehicle. It follows that Virginia Morris is also not covered by the subject policy.
The Louisiana Supreme Court has clearly held that, in a situation such as this, a plaintiff cannot recover under uninsured motorist coverage applicable to a vehicle other than that in which the plaintiff was injured, unless the plaintiff is an "insured" under the other policy. Seaton v. Kelly, 339 So.2d 731 (La.1976). The Court in Seaton specifically held that the clause defining "insured" eliminated the plaintiff from coverage, since the plaintiff therein was not occupying an insured automobile. The Court pointed out that the question in these cases is whether or not the plaintiff is an "insured" under the terms of the policy from which he seeks uninsured motorist benefits. The Court stated that LSA-R.S. 22:1406 requires that insurance policies provide uninsured motorist coverage only for persons insured under the policies.
This case does not involve a situation where an insured is excluded from uninsured motorist coverage because the insured is occupying an automobile other than an insured automobile. The Court in Schmidt v. Estate of Choron, 376 So.2d 579 (La.App. 4th Cir.1979), pointed out that *194 such exclusionary clauses contravene public policy only where an "insured" under the policy was denied uninsured motorist coverage. The Court confirmed that there was no merit to the public policy argument where plaintiff is denied uninsured motorist coverage because plaintiff, like Emma Morris, is not an insured under the policy. As earlier pointed out, the primary question in this case is whether Emma P. Morris is an "insured." In the Schmidt case, "insured" was similarly defined as the named insured and any relative and any other person while occupying an insured automobile. Since the plaintiff in Schmidt, like Emma Morris, was not the named insured and was not occupying an insured automobile, she did not come within the definition of an "insured," and was not covered under the uninsured motorist provisions of the policy. Under these circumstances, the Court concluded that the clause defining "insured" was not in contravention of LSA-R.S. 22:1406, and was not against public policy. Virginia Morris would have been entitled to uninsured motorist protection under the Commercial Union policy only had she been occupying a covered vehicle, which she was not.
Under the circumstances, we hold that Commercial Union was properly granted a summary judgment. There was no genuine issue of material fact and, as a matter of law, Commercial Union was entitled to a judgment. LSA-C.C.P. art. 966, 967.
Accordingly, the judgment is affirmed at the appellant's costs.
AFFIRMED.