478 So.2d 663 (1985)
Bobby R. SAFFEL, et al., Plaintiff-Appellant,
v.
James L. BAMBURG, et al., Defendant-Appellee.
No. 17331-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1985.
Rehearing Denied November 27, 1985.
Writ Denied January 31, 1986.
*664 Charles W. Seaman, Natchitoches, for Bobby R. Saffel, plaintiff-appellant.
Brittain, Williams & McGlathery by Joe Payne Williams, Natchitoches, for Planet Ins. Co., defendant-appellee.
Before HALL, FRED W. JONES and SEXTON, JJ.
SEXTON, Judge.
Plaintiff appeals the granting of a summary judgment dismissing defendant, Planet Insurance Company, from his suit to recover for the wrongful death of his wife. We affirm.
On October 18, 1983, plaintiff's wife was a guest passenger in an automobile owned by Ellis Coleman and driven by Myrtle Coleman. The vehicle was hit head-on by an automobile owned by Rodney Messick and driven by James L. Bamburg. Mrs. Saffel and the six week old fetus she was carrying at the time died as a result of this accident. At the time of Mrs. Saffel's death, plaintiff was employed by Foremost Dairies, Inc., which was insured by the defendant, Planet Insurance Company.
Subsequent to the accident, Bobby R. Saffel instituted this suit individually and as natural tutor of his minor daughter, Christy, for the wrongful death of his wife. Among the multiple defendants is this defendant, Planet Insurance Company, the insurance company providing automobile insurance to Mr. Saffel's employer, Foremost Dairies, Inc., by virtue of a policy entitled a "Business Auto Policy."
Planet Insurance Company subsequently filed a motion for summary judgment alleging that under the terms of the policy issued by Planet to Foremost, no coverage was afforded. On December 26, 1984, judgment was rendered on the motion for summary judgment sustaining that motion and dismissing the defendant Planet Insurance Company from the lawsuit.
In this ensuing appeal, plaintiff-appellant contends both that there are factual issues to be resolved to determine coverage and that the trial court erred in determining as a matter of law that coverage was not available to the deceased under the policy at issue.
Despite appellant's contrary assertion, we are unable to perceive that factual issues exist herein with respect to coverage. Considering the proof adduced in support of the motion for summary judgment, we discern that no genuine issues of material fact remain. While we tend to agree with the trial court that there are certain ambiguities inherent in this policy, any such possible ambiguities are not relevant to the issue of the coverage in question. Thus, the only significant issue in the case is whether as a matter of law the language of the policy at issue affords *665 coverage to the deceased, an issue which can be resolved within the framework of appellee's motion for summary judgment. LSA-C.C.P. Arts. 966 and 967; Hall v. Hall, 460 So.2d 1053 (La.App.2d Cir.1984), and citations therein.
In contending that coverage is provided, plaintiff relies on the Uninsured Motorist Endorsement, Form CA 2X 17. Plaintiff particularly points to Section D of that endorsement entitled "WHO IS INSURED." Subparagraph (1) of Section D states that an insured is "You or any family member." Thus, plaintiff contends that his wife was an insured despite the fact that the deceased was a guest passenger in a non-covered automobile.
However, we agree with appellee that coverage is not afforded under this policy. While it is true that Endorsement CA 2X 17 entitled Uninsured Motorist Insurance states that "You or any family member" is an insured, this endorsement is limited by the definitions section of this Business Auto Policy. There, Section A states that "you" means any person or organization shown as the named insured in Item 1 of the declarations. Of course, the named insured is Foremost Dairies.
We are buttressed in our opinion by Endorsement CA 99 33 entitled "Employees as Insureds." This one-line endorsement states that, "Any employee of yours is insured while using a covered auto you don't own, hire or borrow in your business or your personal affairs." This endorsement makes it clear that Foremost Dairies employees are insureds only under certain limited circumstances not present in this case. Thus, this endorsement emphasizes appellee's position with which we agree that the phrase "You or any family member" contained in the enumeration of those insured in the Uninsured Motorist Endorsement CA 2X 17 applies only to the organization to whom the policy is issued. This policy does not afford coverage to the deceased.
For the foregoing reasons, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.