551 So.2d 45 (1989)
Max V. RODRIGUEZ[1] and Eleanor Rodriguez, Wife of Max Rodriguez
v.
The CONTINENTAL CASUALTY COMPANY.
No. 88 CA 1002.
Court of Appeals of Louisiana, First Circuit.
October 11, 1989.
Rehearing Denied November 17, 1989.
G. Brice Jones, Slidell, for plaintiffs-appellants Max Rodriguez, et ux.
*46 Bruce Johnston, New Orleans, for defendant-appellee Continental Cas. Co.
Monica C. Sanders, Metairie, for defendant-appellee City of Slidell and Hartford Acc. & Indem. Co.
David K. Nelson, Baton Rouge, for intervenors-appellee Louisiana Mun. Risk Management.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment granting a motion for summary judgment.

FACTS
Max V. Rodriguez is the duly elected Chief of Police of the City of Slidell. On May 17, 1985, at approximately 9:30 p.m., Rodriguez was walking with his neighbor in his subdivision in Slidell, Louisiana, when he was struck from the rear and seriously injured by an automobile. Although the vehicle which struck Rodriguez was initially classified as a hit and run vehicle, an investigation by the Slidell Police Department subsequently revealed that Lyle G. Stock was the operator of the vehicle which struck and injured Rodriguez.
Prior to the institution of suit, plaintiffs, Max V. and Eleanor Rodriguez, settled with Stock and State Farm Mutual Automobile Insurance, Stock's liability insurer, for $25,000.00. Thereafter, on April 28, 1986, plaintiffs filed suit for personal injuries against The Continental Casualty Company (Continental), an alleged uninsured/underinsured motorist insurer.[2]
On July 1, 1984, Continental had issued a policy of automobile liability insurance insuring numerous vehicles owned by the City of Slidell, including a 1983 Buick Electra which had been assigned to Rodriguez for his exclusive use. At the time of issuance of the liability policy, the City of Slidell rejected uninsured motorist coverage. However, on July 26, 1984, the City of Slidell elected uninsured motorist coverage on the vehicle allotted to Rodriguez, retroactive to July 1, 1984.
Thereafter, Continental answered plaintiffs' petition, denying the allegations. On July 29, 1987, Continental filed the instant motion for summary judgment. Attached to Continental's motion for summary judgment was a copy of the policy of automobile insurance and portions of Max Rodriguez's deposition. In opposition to Continental's motion for summary judgment, plaintiffs filed the affidavits of Webb Hart, Mayor of the City of Slidell from July of 1978 to February of 1985, and Max Rodriguez.
After a hearing, the trial court rendered judgment in favor of Continental and against plaintiffs, granting Continental a summary judgment and dismissing plaintiffs' suit against Continental. From this adverse judgment, plaintiffs appeal, assigning the following errors:
1) A contractual interpretation to give meaning and effect to the Continental insurance policy should have been applied;
2) That the authorities used by the trial court, particularly those authorities found in the Morris and Pierron decisions, are clearly distinguishable from the case at hand;
3) That the affidavits of Rodriquez and Hart clearly dispel any notion that Rodriquez was not intended to be covered and was not an insured within the meaning of the policy and under the facts, which are essentially not in dispute.

DISCUSSION
The issue on appeal is whether, under the circumstances of this case, Max V. Rodriguez is entitled to uninsured motorist protection under the Continental policy.
*47 The Louisiana Uninsured Motorist Statute, LSA-R.S. 22:1406, in effect at the time of the accident required that insurance policies provide uninsured motorist coverage for a person who qualifies as an "insured" under the policy. However, a person who does not qualify as an "insured" under the policy of insurance is not entitled to uninsured motorist coverage. Seaton v. Kelly, 339 So.2d 731 (La.1976); Pierron v. Lirette, 468 So.2d 1305 (La.App. 1st Cir.1985); Morris v. Mitchell, 451 So.2d 192 (La.App. 1st Cir.1984); Malbrough v. Wheat, 428 So.2d 1110 (La.App. 1st Cir.1983).
In the instant case, the subject policy was issued to the City of Slidell, the "named insured" under the policy. Rodriguez was the Chief of Police for the City of Slidell. Assigned for Rodriguez's exclusive use was a 1983 Buick Electra, which was insured by the Continental policy with both liability and uninsured motorist coverage.
The Continental policy defines an "insured" for the purposes of uninsured motorist coverage as follows:
1. You or any family member.
2. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
3. Anyone for damages he is entitled to recover because of bodily injury sustained by another insured.
"You" means "the person or organization shown as the named insured in ITEM ONE of the declarations." Max V. Rodriguez or Chief of Police is not a "named insured" under the policy. The named insured is the City of Slidell.
Nor is Rodriguez a "family member" under the policy. The policy defines a family member as "a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child." Since the named insured is a municipality, Rodriguez cannot reside with or be a relative of the named insured. See Pierron v. Lirette, supra.
Since Rodriguez was not the named insured, was not a family member of the named insured, and was not occupying a covered auto, he did not fit within the definition of an "insured" and was not covered by uninsured motorist provisions of the policy. See Tate v. Hanover Insurance Company, 526 So.2d 1302 (La.App. 3rd Cir. 1988), writ denied, 530 So.2d 569 (La. 1988). Under the circumstances of the instant case, we find that the trial court properly granted Continental a summary judgment. There was no genuine issue of material fact, and, as a matter of law, Continental was entitled to judgment. LSA-C.C.P. arts. 966, 967.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Plaintiffs are cast for costs on appeal.
AFFIRMED.
NOTES
[1] In the petition for personal injuries, plaintiffs' surname, Rodriguez, is erroneously referred to as "Rodriquez."
[2] Plaintiffs subsequently amended their petition naming numerous other defendants, none of which are pertinent to the issues raised in the instant appeal. Additionally, various pleadings and demands were filed by other parties. However, none of the issues raised in these demands are relevant to the instant appeal.