554 So.2d 177 (1989)
Nannette P. BRYANT, et al., Plaintiffs/Appellees,
v.
PROTECTIVE CASUALTY INSURANCE COMPANY, et al., Defendants/Appellants.
No. 21003-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
Writ Denied February 2, 1990.
Joseph W. Greenwald, Shreveport, for defendants/appellants.
Cook, Yancey, King & Galloway by F. Drake Lee, Jr., Lunn, Irion, Johnson, Salley & Carlisle by James A. Mijalis, Jack E. Carlisle, Jr., Shreveport, for plaintiffs/appellees.
Before HALL, SEXTON and LINDSAY, JJ.
HALL, Chief Judge.
Plaintiffs, the surviving widow and children of the late Rex S. Bryant, brought this action for damages after the decedent was killed during the course and scope of his employment in an automobile accident caused by the negligence of an underinsured motorist. Aetna Casualty and Surety Company was made defendant as the uninsured/underinsured motorist carrier of *178 decedent's employer, Berg Mechanical, Inc. Aetna filed a motion for partial summary judgment alleging that its policy did not afford coverage to the plaintiff. The trial court granted the motion and dismissed plaintiffs' suit against Aetna. The sole issue in this appeal is whether the trial court erred in concluding that the deceased was not an insured under the Aetna policy.
At the time of the accident, the deceased was operating a 1976 Ditch Witch tractor model V-30 trencher owned by his employer. The accident occurred when an automobile crashed into the rear of the Ditch Witch, killing the deceased. There was in effect at the time of the accident a business auto policy issued by Aetna to Berg Mechanical, Inc. The parties agree that for coverage to attach the deceased had to be an "insured" under the uninsured motorists provisions of Aetna's policy, since he was not operating a "covered auto" at the time of the accident. Therefore, the issue in this appeal is whether the deceased, Mr. Bryant, was an insured.
"Insured" is defined in the Words and Phrases with Special Meaning section of the policy as "any person or organization" qualifying as an "Insured" in the "Who Is Insured" section of the applicable insurance. The applicable insurance in this case is found in endorsement CA 2X17 entitled Uninsured Motorist Insurance. In that section of the policy, "Who Is Insured" is defined as:
1. You or any family member.
2. Anyone else occupying a covered auto ...
3. Anyone for damages he is entitled to recover because of bodily injuries sustained by another insured.
Part I of the policy defines "You" as "the person or organization shown as the named insured in Item One of the declarations." Berg Mechanical, Inc. is the "named insured" in this case.
"Family Member" means a person related to you by blood, marriage, or adoption who is a resident of your household, including a ward or foster child. The deceased obviously could not qualify as a family member since a corporation is the named insured.
Appellants argue that the deceased is an insured by virtue of being included in the term "You or any family member." They argue that Berg Mechanical, Inc., the named insured, includes the employees of Berg Mechanical. Appellee argues that this question was decided adverse to appellants in Saffel v. Bamburg, 478 So.2d 663 (La.App. 2d Cir.1985), writ denied 481 So.2d 1335 (La.1986).
In Saffel, we held that "You or any family member" contained in the uninsured motorist endorsement CA 2X17, the same endorsement as in this case, applies only to the organization to whom the policy is issued. Although in Saffel the factual situation was somewhat different than in this case in that it was the spouse of an employee of the insured company who was injured, the principal holding is applicable here. "You or any family member" does not include an employee or family member of an employee of a corporate named insured.
Appellants rely on Employers Insurance Company of Wausau v. Dryden, 422 So.2d 1243 (La.App. 1st Cir.1982), for the proposition that employees of an entity qualify as insureds for purposes of uninsured motorist coverage. In Dryden, a deputy sheriff was injured while in the course and scope of his employment. The policy named the "Terrebonne Parish Sheriff's Office" as the named insured. The First Circuit held that the deputy was an "insured" under the policy because the "Sheriff's Office" includes not only the sheriff but his deputies. The court stated that the policy would have named only the sheriff as the "named insured" if that was the intent. The deputy in Dryden was also an "insured" because he was occupying a "covered auto" at the time of the accident. The Dryden case is distinguishable because the "named insured" in that case was not a specific named corporate entity as in the instant case.
Appellee contends that only the entity, Berg Mechanical, Inc., is the named insured and that the naming of a corporation does *179 not include its employees, citing Pierron v. Lirette, 468 So.2d 1305 (La.App. 1st Cir. 1985). Pierron was a case in which the deceased was an officer of two closely held corporations. He was operating a vehicle owned by Corporation A at the time of the accident. The insurance policy covering that auto did not have uninsured motorist coverage. An attempt was made to recover against a policy covering a vehicle owned by Corporation B, but not involved in the accident. The court held that the deceased was not an insured under the policy covering the auto owned by Corporation B because he was not a "named insured" or designated insured. The corporation was the "named insured" as in the instant case.
In Hogan v. State Farm Automobile Insurance Company, 449 So.2d 555 (La. App. 1st Cir.1984), the issue was whether an employee of an incorporated "named insured" was thereby a "named insured" for purposes of uninsured motorist coverage. The court found that decedent's status as an employee of the named insured was immaterial because the policy provided coverage only for certain vehicles and the employee was not using an insured vehicle at the time of the accident.
In Morris v. Mitchell, 451 So.2d 192 (La. App. 1st Cir.1984) a bus driver for the Washington Parish School Board attempted to recover under the uninsured motorist provisions of a business auto policy issued to the Washington Parish School Board as the "named insured." Uninsured motorist coverage was afforded to the bus driver only while occupying a covered vehicle. The plaintiff was not occupying her bus, the covered vehicle, at the time of the accident. Plaintiff argued that she was a named insured because she paid the premiums on the policy insuring the bus. The First Circuit stated that the plaintiff was only covered by the uninsured motorist provision while occupying a covered vehicle. The court stated that the "named insured" listed in the policy was the school board and, therefore, the plaintiff was not an insured to whom uninsured motorist coverage was provided.
LSA-R.S. 22:1406 requires that insurance policies provide uninsured motorist coverage only for persons insured under the policy. Seaton v. Kelly, 339 So.2d 731 (La.1976). In this case, the deceased could have been an insured only by satisfying one of two requirements. He had to be either occupying a "covered auto", which the parties stipulated he was not, or be the party named in Item One, a "named insured." In this case, a corporation is the "named insured."
Appellants assert that when a corporation is the "named insured" we should logically extend coverage to all of the corporation's employees, since only natural people can operate automobiles and not the corporation itself. Such an extension is not appropriate in this case. Employees are covered only while operating a "covered auto." The insurance policy contemplates that the employees will be covered only when occupying vehicles for which the corporation has bought insurance.
It is to be noted that endorsement 9910 attached to this policy specifically amended the uninsured motorist provisions of the policy to add three named individual employees or officers of the corporation to the "Who Is Insured" provisions of the policy, supporting the interpretation that other employees not specifically designated are not insureds under the policy provisions.
The deceased was not a "named insured" under this policy even though he was an employee of the corporate "named insured" and was in the course and scope of his employment at the time of the accident. The policy did not afford him uninsured motorist coverage. The judgment of the trial court dismissing the plaintiffs' suit against Aetna Casualty and Surety Company is affirmed, at appellants' cost.
AFFIRMED.