637 So.2d 395 (1994)
Kathy RILEY
v.
EVANGELINE PARISH SHERIFF'S OFFICE.
No. 94-C-0202.
Supreme Court of Louisiana.
April 4, 1994.
Rehearing Denied June 17, 1994.
PER CURIAM.
Granted. The judgment of the court of appeal is reversed and the trial court judgment is reinstated as amended. Plaintiff's failure to specifically name the sheriff as a defendant in this suit does not bar recovery against the sheriff in his official capacity. Jenkins v. Jefferson Parish Sheriff's Office, 402 So.2d 669 (La.1981). Both the former sheriff and the present sheriff of Evangeline Parish had full notice of the pendency of this action. The present sheriff, through his attorney, fully litigated the claims raised in the petition. Clearly all parties understood that plaintiff's suit against the "Sheriff's Office" raised claims against the sheriff in his official capacity.
A successor sheriff may be held liable for the torts for which his predecessor was vicariously liable. Jenkins, supra. We amend the judgment to permit its enforcement against the present sheriff in his official capacity.
The judgment is enforceable only to the extent that any other judgment against a public agency is enforceable, and is subject to the bar against seizure of public funds. LSA-Const. art. 12, § 10(C); LSA-R.S. 13:5108.
DENNIS, J., not on panel.