Dear Mr. Speed:
You have requested an opinion from this office as to whether judgments resulting from road hazard cases would encumber property purchased from revenues derived through the Tangipahoa Parish Health Unit Building and Maintenance Tax Fund and from funds raised through other special milage elections.
Art. XII, Section 10(C) of the Louisiana Constitution provides that:
 No judgment against the State, a State agency, or political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered.
La. R.S. 13:5109(B)(2) also provides that:
 Any judgment rendered in any suit filed against the state, a state agency, or political subdivision, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision.
Based upon these clear and explicitly written Constitutional and Statutory provisions, it is the opinion of this office that no public property or public funds shall be subject to seizure. This limitation also applies to other State expenses and obligations. Therefore, judgments arising out of personal injury cases cannot constitute liens or encumbrances on property owned by the State, a State agency, or political subdivisions, such as Tangipahoa Parish. Simply put, judgments arising as a result of road hazards cannot constitute a lien or encumbrance on public property.
In support of this conclusion see, Foreman v. VermilionParish Police Jury, 336 So.2d 986 (La.App. 3d Cir. 1976), which provides, in part, that:
 We interpret the quoted provisions of the Constitution and Revised Statutes to mean that property owned by a political subdivision, such as the Policy Jury, is not subject to seizure and sale under a writ of fieri facias issued to satisfy a money judgment rendered against that political subdivision.
* * *
 The state clearly has the right to regulate the way in which judgments against its political subdivision can be paid, and to prohibit the seizure of property owned by those subdivisions. (At page 988.)
Further, Bulot v. Justice, 552 So.2d 1344 (La App. 5th Cir 1990.) provides:
 * * * the Clerk of Court is a separate "local governmental subdivision" under LSA-R.S. 42:1441.2 and therefore, its funds are not subject to seizure. (At page 1346.)
 * * * the property of the Clerk of the 24th Judicial District Court is public property and hence exempt from seizure under the Louisiana Constitution. (At page 1347.)
Finally see, Riley v. Evangeline Parish Sheriff's Office637 So.2d 395 (1994.) holding that:
 The judgment is enforceable only to the extent that any other judgment against a public agency is enforceable, and is subject to the bar against seizure of public funds. (At page 395.)
We must therefore conclude that property of the type which you describe, as well as other public property, is not affected by judgments and is not subject to seizure. Therefore, such judgments could not constitute a lien or encumbrance on the property which would follow it upon a sale or transfer of ownership.
Please do not hesitate to contact this office if we can be of any further assistance.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _______________________________ GARY L. KEYSER Assistant Attorney General
RPI/GLK:bm