672 So.2d 461 (1996)
Gary L. VALENTINE, Plaintiff-Appellee,
v.
BONNEVILLE INSURANCE COMPANY, James D. Hall, Sr., and Winnie S. Hall, State Farm Mutual Automobile Insurance Company, and Commercial Union Insurance Company, Defendants-Appellants.
No. 28,109-CA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1996.
Rehearing Denied May 2, 1996.
*462 James M. Johnson, Minden, for Plaintiff-Appellee.
Kitchens, Benton, Kitchens & Warren by Graydon K. Kitchens, III, Minden, for Defendant-Appellant, State Farm.
Cook, Yancey, King & Galloway by Brian A. Homza, Shreveport, for Defendants-Appellants, Commercial Union.
Ed Kernaghan, Shreveport, for Defendant-Appellant, Louisiana Ins. Guaranty.
Before SEXTON, NORRIS and BROWN, JJ.
NORRIS, Judge.
Commercial Union Insurance Company ("CU"), the uninsured/underinsured motorist carrier for the Webster Parish Sheriff's Department, appeals a summary judgment declaring that the plaintiff, Deputy Gary L. Valentine, is an insured under the UM policy that CU issued to the "Webster Parish Sheriff's Department." CU also appeals the denial of its own contrary motion for summary judgment. Another defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), Dep. Valentine's personal UM carrier, submitted a brief aligning itself with Dep. Valentine seeking affirmance. For the reasons expressed, we affirm.

Factual background
On the evening of March 6, 1991, while on duty and driving a sheriff's department vehicle, Dep. Valentine saw a car driving erratically on Lewisville Road in the Minden city limits. Suspecting that the driver was drunk, Dep. Valentine activated his flashing lights and pulled the driver to the side of the road. He also radioed Minden Police; Minden Police Officer Banta arrived at the scene about the time Dep. Valentine had stopped the DWI suspect. Banta and Valentine decided that Officer Banta would effect the arrest of the suspect and Dep. Valentine would assist by directing traffic. Dep. Valentine did so, using arm signals and a flashlight, for some five or 10 minutes when he was struck by a car driven by defendant Winnie S. Hall. At the time of the accident, both the deputy's and the police officer's lights were still flashing.
Valentine later filed suit for his personal injuries, naming CU, the UM carrier for the Webster Parish Sheriff's Department, as one of the defendants. He also named his personal UM carrier, State Farm.[1] CU denied UM coverage under the circumstances of the accident and the terms of the policy. Dep. Valentine then moved for summary judgment to declare him an insured under CU's policy; CU filed a contrary motion for summary judgment to dismiss Dep. Valentine's claim of coverage.
The CU policy in question is a Business Auto Policy issued to the "Webster Parish Sheriff's Department." An endorsement, CA 346a, sets out its UM provisions. It defines coverage:
A. Coverage
1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured *463 motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from ownership, maintenance or use of the "uninsured motor vehicle". * * *
It further defines "who is an insured" for purposes of the UM policy:
B. Who is an insured
1. You.
2. If you are an individual, any "family member".
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
The matter was submitted on certified copies of the CU policy, portions of Dep. Valentine's deposition, various affidavits, and the argument of the parties. The district court granted Dep. Valentine's motion, declaring him covered for this accident under CU's UM policy issued to the Webster Parish Sheriff's Department. The court also denied CU's motion for summary judgment. CU has appealed.

Applicable law
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Thornhill v. Black, Sivalls & Bryson Inc., 394 So.2d 1189 (La.1981). The burden is on the mover to prove that no material fact issues exist. Schroeder v. Board of Supervisors, 591 So.2d 342 (La. 1991). The question of whether an insurance policy affords coverage to the plaintiff is one which may be resolved within the framework of a summary judgment. La.C.C.P. art. 966D; Saffel v. Bamburg, 478 So.2d 663 (La. App. 2d Cir.1985).
Louisiana law regulates the issuance of UM insurance. La.R.S. 22:1406; Graham v. American Cas. Co., 261 La. 85, 259 So.2d 22 (1972). However, a plaintiff cannot recover under a UM policy unless the plaintiff is an insured under the policy. Seaton v. Kelly, 339 So.2d 731 (La.1976). The parties' intent, as reflected by the words of the policy, determines the extent of coverage. La.C.C. art. 2045; Reynolds v. Select Properties Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180. Words and phrases used in a policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 93-0911 (La. 1/14/94), 630 So.2d 759. If the language of the policy is clear, unambiguous and expressive of the parties' intent, it must be enforced as written. Any ambiguity that persists after applying the usual rules of construction must be construed against the drafter and in favor of the insured. Id. Ambiguity will also be resolved by ascertaining how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered. Breland v. Schilling, 550 So.2d 609 (La.1989). Doubtful provisions in insurance policies should be interpreted to afford rather than deny coverage. Reynolds v. Select Properties Ltd., supra.

Discussion
By its first assignment of error CU urges that the district court erred in granting Dep. Valentine's motion for summary judgment (and in denying its own motion) by finding that Dep. Valentine was a named insured (a "you") under the policy, and that he was "occupying" the insured vehicle. CU correctly argues that the policy provides two avenues of recovery: for the named insured or for anybody else occupying a covered auto. Thus CU argues that because he is only a sheriff's deputy, Dep. Valentine is not a "you" or named insured to whom the policy was issued; only the "Webster Parish Sheriff's Department" would qualify. Since Dep. Valentine is not a "you," CU contends, he qualifies for coverage only if he was occupying the insured auto at the time of the accident. As he had been standing for some time and at some distance from the insured *464 vehicle while directing traffic, CU argues, Dep. Valentine was not occupying it.
CU's initial contention, however, is resolved by the case of Employers Ins. Co. of Wausau v. Dryden, 422 So.2d 1243 (La.App. 1st Cir.1982). In that case Wausau's UM policy was issued to the "Terrebonne Parish Sheriff's Office" and extended coverage to similar classes of persons as in the instant case:
Each of the following is an insured under this insurance to the extent set forth below:
(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either;
(b) any other person while occupying an insured highway vehicle[.]
Wausau contended that the plaintiff, Dep. Dryden, did not qualify for UM coverage because only the "Terrebonne Parish Sheriff's Office" was named as an insured. The Court of Appeal rejected Wausau's position:
Obviously, "Terrebonne Parish Sheriff's Office" includes not only the Sheriff, but all Deputies as well, as, had the policy been intended to designate the Sheriff alone as Named Insured, the Named Insured would have been the Sheriff. By using the broader term, the policy makes the Sheriff and all Deputies the Named Insured. As Dryden was a Deputy, he is a Named Insured, and thus falls into category (a). (emphasis added)
The court also held that under the facts of the case, Dep. Dryden was "occupying" his sheriff's vehicle in that he was opening a small cargo door when he was struck by a passing van. In our view, the language quoted above effectively disposes of CU's argument.
CU contends that Dryden is not controlling for several reasons. First it argues that because the court found the plaintiff was "occupying" the insured auto, thus qualifying him for coverage under (b), the holding that he was a named insured is obiter dictum. This contention is meritless because the court cogently discussed and squarely held that Dep. Dryden was an insured.
CU next urges that in subsequent opinions, the Dryden court has retreated from its holding. In Rodriguez v. Continental Cas. Co., 551 So.2d 45 (La.App. 1st Cir.1989), the plaintiff was the Chief of Police of the City of Slidell. One evening he was strolling around his neighborhood when he was struck by an underinsured driver. The City's insurer had issued policies with UM coverage for various city vehicles, including Chief Rodriguez's Buick Electra. The named insured, however, was the "City of Slidell," and UM coverage was extended in language similar to that in CU's policy. Without citing its Dryden opinion, the court simply held that neither Max Rodriguez nor the Chief of Police was a "named insured" under the policy. It also properly held that at the time of the accident, the plaintiff was not occupying a covered auto. The court denied coverage. Earlier, in Morris v. Mitchell, 451 So.2d 192 (La.App. 1st Cir.1984), the same court held that Mrs. Morris, a school bus driver, was not an insured under a UM policy issued to the "Washington Parish School Board" and covering Mrs. Morris's bus. Mrs. Morris was injured while riding as a passenger in her own car with her daughter driving. Again without citing its Dryden opinion, the court held, "Emma Morris is not the `named insured'; rather the Washington Parish School Board is so named in the policy." The court denied her coverage.
We do not find that these cases invalidate the rationale of Dryden. In the first place, the named insured in the Dryden policy is virtually identical to the named insured in the instant case. Further, we sense the strained logic in saying that for purposes of UM coverage, the "Washington Parish School Board" encompasses every school employee, bus drivers included (it could easily mean simply that School Board members were included), or that the "City of Slidell" includes the independently elected police chief. Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas., 630 So.2d at 763. By contrast, the "Webster Parish Sheriff's Department" easily and logically encompasses an identifiable group of persons, including sheriff's deputies; had only the Sheriff himself *465 been intended, the policy could have so stated.
CU also argues that in Bryant v. Protective Cas. Ins. Co., 554 So.2d 177 (La.App. 2d Cir.1989), writ denied 558 So.2d 1129 (1980), this court refused to extend UM coverage to a corporate employee when only the corporation itself was the named insured. In that case the plaintiff's decedent was killed when an uninsured motorist struck the Ditch Witch he was operating. The Ditch Witch was not a "covered auto" under his employer's policy, so coverage would attach only if Mr. Bryant was a named insured. This court discussed and distinguished Dryden "because the `named insured' in that case was not a specific named corporate entity as in the instant case."[2] While we declined to extend coverage in Bryant, we believe the opposite result is mandated under the instant policy and facts.
CU further cites Riley v. Evangeline Parish Sheriff's Office, 94-0202 (La. 4/4/94), 637 So.2d 395, in which the Supreme Court held that a "suit against the `Sheriff's Office' raise[s] claims against the sheriff in his official capacity." This case, however, does not involve insurance coverage and does not hold that only the Sheriff is a member of the Sheriff's Department. Riley does not apply to the instant case.
In short, we find that the instant policy, issued to the Webster Parish Sheriff's Department, includes Dep. Valentine as a named insured.
Even if we felt that CU's policy was ambiguous in designating the named insured, we would find that by the usual rules of statutory construction it must be interpreted to provide coverage. Reynolds v. Select Properties Inc., supra. By naming the department as the insured, CU obviously intended to include more persons than just the sheriff. Exactly how many were intended is arguably unclear. To include Dep. Valentine under the terms of this policy and facts of the accident is a reasonable resolution of the alleged ambiguity. The district court's judgment effects this solution and will be affirmed.
Much of CU's argument is devoted to the jurisprudence that when the injured plaintiff is not a named insured, but the policy extends UM coverage to any person occupying a covered vehicle, the "occupying" clause must not be conflated with "acting in the course and scope of employment." In fact, this is the precise holding of Bryant, supra, and cases like Barnes v. Thames, 578 So.2d 1155 (La.App. 1st Cir.), writs denied 577 So.2d 1009 (1991) (en banc). However, in light of our finding that Dep. Valentine is a "you" and insured under Section B(1) of the policy, we pretermit further consideration of the alternative "occupying" requirement under Section B(3).
By its third assignment of error, CU contests the district court's refusal to grant its own motion for summary judgment. This is not appealable, La.C.C.P. art. 968, and in light of our discussion, it does not warrant supervisory relief.

Conclusion
For the reasons expressed, the summary judgment finding uninsured/underinsured coverage in favor of Dep. Valentine and against Commercial Union is affirmed at Commercial Union's costs.
AFFIRMED.
SEXTON, J., dissents and assigns reasons.
SEXTON, Judge, dissenting.
I respectfully dissent.
The majority opinion is based on Employers Ins. Co. of Wausau v. Dryden, 422 So.2d 1243 (La.App. 1st Cir.1982). I believe that the First Circuit has retreated from its holding in Dryden in subsequent cases, such as Rodriguez v. Continental Casualty Company, 551 So.2d 45 (La.App. 1st Cir.1989). In that case, Mr. Rodriguez, who was the chief *466 of police for the city of Slidell, was seriously injured when struck by an automobile while walking in his subdivision. Rodriguez subsequently brought suit against Continental Casualty Company, the UM insurer for the vehicle assigned to Rodriguez for his exclusive use. The "named insured" of the policy was the city of Slidell, and the policy defined an "insured" for the purposes of UM coverage exactly the same way as the Commercial Union policy in the instant case. The policy in Rodriguez defined "you" as the person or organization shown as the named insured similarly to the policy in the instant case, where "you" is defined as the "Named Insured shown in the Declarations." The court found that Mr. Rodriguez was not a named insured under the policy.
In Morris v. Mitchell, 451 So.2d 192 (La. App. 1st Cir.1984), decided just one year after Dryden, the first circuit held that a bus driver for the Washington Parish School Board was not an insured under a UM policy issued to the Board by Commercial Union covering a school bus owned by the plaintiff. The plaintiff, along with other bus drivers, paid a pro-rata assessment for insurance coverage to the Board, which in turn, paid the premium covering all the buses to Commercial Union. The "named insured" in the policy was the "Washington Parish School Board." The court held that the plaintiff was not an insured under the policy for the accident in question because she was not a "you," (the named insured), nor was she "occupying" the insured vehicle when the accident occurred.
More importantly, in Bryant v. Protective Casualty Insurance Company, 554 So.2d 177 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1129 (La.1990), this court held that an employee of Berg Mechanical, Inc., who was killed in the course and scope of his employment while operating a Ditch Witch tractor when an uninsured auto crashed into the tractor, was not an insured under his employer's UM policy. The issue was whether the employee was an insured under a business auto policy issued to Berg Mechanical, Inc. and which defined an insured as "you" or anyone else occupying a covered auto. The employee could qualify as an "insured" only under the "you" category because the tractor was not a covered auto. We held that "you" means the named insured, i.e., Berg Mechanical, Inc., and did not mean a Berg employee unless he was occupying a covered auto. We specifically rejected the argument that when a corporation is the "named insured," it followed logically that coverage extended to the corporation's employees because a corporation, which is not a natural person, could not operate a vehicle. "The insurance policy contemplates that the employees will be covered only when occupying vehicles for which the corporation bought insurance." Bryant, supra at 179.
As in Bryant, the Commercial Union policy in the instant case is a "Business Automobile Policy," as opposed to a "Personal Automobile Policy." The distinction between the two types of policies is indicative of the intent of parties in confecting the insurance contract and goes to the heart of the issue in this case. The intent of the insured and the insurer in a BAP is to insure against risks arising out of the operation of business automobiles. Typically, the "named insured" in a BAP is a business entity, as was the case in Rodriguez and Morris discussed above. By defining "who is an insured" as "you," i.e., the named insured, "or anyone else `occupying' a covered auto," the BAP assures that coverage under the policy is triggered only when there is a relationship between the business vehicle and the accident in question. Thus, there are few circumstances, if any, in which a natural person is an "insured" under the "you" or "named insured" category of coverage when the named insured is not a natural person. The BAP policy requires that the covered vehicle must be "occupied" to trigger coverage, and this usually occurs while the vehicle is being operated in the course and scope of the insured's business. Otherwise, coverage could be triggered under circumstances not involving the use of the covered business auto.
In Bryant, supra, we declined to follow Dryden by distinguishing the "Terrebonne Parish Sheriff's Office" from the business entity in Bryant. We further pointed out that the Dryden court also found that the *467 claimant in that case was occupying the vehicle.
There should be no reason to treat an employee of a governmental unit such as the Webster Parish Sheriff's Department, as the "named insured" in a BAP, different from other employees of "named insureds," such as the chief of police of a "city" or employees of a "school board" or a "business entity," in business auto policies. Further, there should be no reason to hold that when the named insured is a governmental office or department, all employees of the office or department qualify as "named insureds." To so rule would violate the intent of the parties to the business auto policy, which is to insure against risks exclusively associated with the covered business auto. To reiterate in the terms of Bryant, supra at 179, "the policy contemplates that the employees will be covered only when occupying vehicles for which the corporation has bought insurance."
I should note that I also conclude that Deputy Valentine is not an insured under the category of "occupying a covered auto."
In the instant case, Deputy Valentine's vehicle was parked on the shoulder of the southbound traffic side of the Lewisville Road. The Lewisville Road is a two-lane road. After stopping the vehicle and assisting Officer Banta in preparation to administer a field sobriety test to the suspect, Deputy Valentine proceeded to the center of the Lewisville Road to direct traffic. He stated that he stood roughly in the center of the roadway directing traffic, switching from either side of the center lane depending on the lane of traffic he was allowing to pass. Based upon his mark on a diagram of the accident scene denoting where he was standing at the time of the accident, Deputy Valentine was approximately one-third of a lane's width on the far side of the center line (in the northbound lane) adjacent to his vehicle. Obviously, he was several yards from his vehicle. He stated that he had been directing traffic about five or ten minutes when the accident occurred. From the time of the initial stop of the suspect through the time of the accident, the overhead emergency lights of Deputy Valentine's vehicle remained operating.
The policy defines "occupying" as "in, upon, getting in, on or off" the covered vehicle. Deputy Valentine made no effort to show, however, that he, in relation to his vehicle, was "in, upon, getting in, on, out or off" the covered vehicle. Rather, Deputy Valentine's sole basis for finding that he "occupied" the vehicle is that he had a "relationship" with the vehicle because the emergency lights atop the vehicle were assisting him in directing traffic. I believe this is insufficient to constitute "occupying" the vehicle for purposes of the coverage in question.
This view comports with our prior jurisprudence dealing with this issue. In Smith v. Girley, 260 La. 223, 255 So.2d 748 (1971), where the policy defined "occupying" as "in or upon, or entering into or alighting from" the vehicle, the supreme court stated that the "physical relationship between [the claimant] and the car enlarged the area defined by the words `entering or alighting' and the word `in'." See also, Westerfield v. LaFleur, 493 So.2d 600 (La.1986) (minor child struck by vehicle while attempting to cross highway to board school bus had a relationship with bus sufficient to constitute "entering into" the bus for purposes of "occupying" the covered vehicle). In Day v. Coca-Cola Bottling Company, Inc., 420 So.2d 518 (La.App. 2d Cir. 1982), we noted that "it is the relationship between the person and the vehicle, obviously of time and in distance with regard to the risk of `alighting,' that determines this specific coverage." Hence, it is clear that the relationship to the covered vehicle, in order to qualify as "occupying", must involve a risk associated with one of the ways of occupying the vehicle specified in the policy, namely, "in, upon, getting in, on or off" the vehicle.
Accordingly, I would reverse the judgment of the trial court and render judgment in favor of Commercial Union.

APPLICATION FOR REHEARING
Before SEXTON, NORRIS, BROWN, STEWART and GASKINS, JJ.
Rehearing denied.
NOTES
[1] Mr. and Mrs. Hall were also named defendants with their insurer, Bonneville Ins. Co. The Louisiana Insurance Guaranty Association answered on behalf of these defendants.
[2] We note that the "Sheriff's Department" is not a specific term defined by statute. It appeared without definition in La.R.S. 11:1310B(3), regulating the calculation of State Police retirement, from 1977 through 1982. La.R.S. 32:396 requires the Commissioner of Public Safety and Corrections to furnish certain information to "sheriffs' offices" periodically, but does not define the term.